IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SURETY ADMINISTRATORS, INC., ET AL. : | |
| Plaintiffs : | CIVIL ACTION |
| vs. : | |
| : | NO. 05-CV-5851 |
| PACHO'S BAIL BONDS, ET AL. : | |
| Defendants : | |

## MEMORANDUM OPINION & ORDER

GOLDEN, J.                                                                                       MARCH 29, 2007

Before the Court is Defendant Montgomery R. Carlin's motion to dismiss.[1] The Court will deny the motion to dismiss for lack of personal jurisdiction, grant the motion to dismiss as to plaintiffs' breach of fiduciary duty claims (Counts IV and XI), and otherwise deny the motion.

## FACTS

This is a case concerning the attempts of creditors of a bankrupted bonding company to recover debts under the bond company's subagency agreements. Capital Bonding Corporation ("CBC") subcontracted with defendants Pacho's Bail Bonds, Tri-State Bail Bonds, and allegedly with their agent, Montgomery R. Carlin. CBC and its creditors, Surety Administrators, Inc. and Harco National Insurance Company, now seek to recover debts from Pacho's and Tri-State. The debts arise primarily from unremitted bond premiums and service charges. Plaintiffs claim that Carlin is a legal alter ego of Pacho's and Tri-State, and that Carlin is an owner and director of another Pennsylvania corporation, Capital Financial Group, Inc. ("CFG"). Carlin moves to

---

[1] Carlin appears to be the only defendant contesting this action. Default judgments have been entered against defendants Pacho's Bail Bonds and Elizabeth MacPherson. Plaintiffs have been unable to serve defendants Tri-State Bail Bonds and David R. Morgan.

dismiss for lack of personal jurisdiction and failure to state a claim.

PERSONAL JURISDICTION

When a defendant raises the defense of lack of personal jurisdiction, the plaintiff must make a *prima facie* case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between defendant and the forum state. See Mellon Bank (East) PSFS v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) (internal citations omitted). Federal Rule of Civil Procedure 4(e) allows federal district courts to assert personal jurisdiction to the extent permissible under the law of the state where the court sits, and Pennsylvania's Long Arm Statute provides for the exercise of jurisdiction to the constitutional limits of the due process clause. See 42 Pa. Cons. Stat. § 5322(b). The due process clause requires that defendant have "minimum contacts" with the forum state such that the exercise of jurisdiction does not upset "traditional notions of fair play and substantial justice." Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001) (*citing* Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). This requirement means that the defendant must have purposefully directed his conduct toward the forum state and availed himself to the protections of its law. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).

Carlin alleges that his contacts with Pennsylvania were limited such that this Court lacks personal jurisdiction. He provides a personal affidavit stating that he was never an owner of Pacho's or Tri-State, and acted solely as counsel and/or agent of these companies. Carlin further states that he never contracted with CBC on Pacho's or Tri-State's behalf or otherwise. Carlin also makes the somewhat cryptic assertion that, although the president of Capital Bonding led him to believe that he was an owner and director of Capital Financial, he "subsequently came to

realize that [CBC's president] never made [him] a director nor had any intention of allowing [him] to perform as a director." Decl. of Montgomery R. Carlin at ¶ 14.

Carlin also attempts to avoid personal jurisdiction via the "fiduciary shield doctrine," which is the principle that the actions of corporate employees and agents taken within their corporate capacity cannot provide contacts with the forum sufficient to create personal jurisdiction. See, e.g., D&S Screen Fund II v. Ferrari, 174 F. Supp. 2d 343, 347 (E.D. Pa. 2001). Carlin argues that his only contact with Pennsylvania was pursuant to his duties as counsel and agent for Pacho's and Tri-State. A Court may look past the fiduciary shield doctrine if "the defendant had a major role in the corporate structure, the quality of his contacts with the state were significant, and his participation in the tortious conduct alleged was extensive." TJS Brokerage & Co., Inc. v. Mahoney, 940 F. Supp. 784, 789 (E.D. Pa. 1996).

For their part, plaintiffs produce sworn testimony from three CBC employees stating that Carlin visited CBC's office in Reading, Pennsylvania on many occasions to conduct and discuss business, as well as substantial correspondence between Carlin and CBC in Carlin's various capacities with Pacho's and Tri-State. Plaintiffs also produce corporate documents from Pacho's and Tri-State demonstrating that Carlin was counsel for Tri-State and had check writing authority for Pacho's. These materials include a document from Tri-State signed by Carlin, in which Carlin's signature bloc identifies him as Tri-State's general counsel. The document is dated March of 2001, which is significant because it contradicts Carlin's sworn statement that he was only counsel for Tri-State during 2000. Plaintiffs' evidence also suggests that Carlin held himself out as director of CFG, as the signature bloc of a May 2003 Carlin email identifies Carlin as "Director, Capital Financial Group." Pls.' Opp'n at Ex. A.

Plaintiffs have also produced evidence suggesting that Carlin falls within the exception to the fiduciary shield doctrine. The materials show he acted as counsel for Pacho's and Tri-State and that he was authorized to enter into contracts with CBC in his individual capacity. Moreover, plaintiffs provided an email from Carlin suggesting that some of their allegations of tortious conduct on his part are true. On one occasion, it appears that Carlin wrote to CBC that he had a "total lack of authority" over his agents, thus giving credence to plaintiffs' claim that Carlin failed to satisfy some of the debts Pacho's and Tri-State owed to plaintiffs. Pls.' Opp'n at Ex. A.[2] Even assuming that Carlin's Pacho's and Tri-State-related conduct was subject to the fiduciary shield doctrine, plaintiffs have also produced evidence that he was a director and owner of CFG, a Pennsylvania corporation. Carlin's ownership of a Pennsylvania business is a good indicator that he purposefully directed his conduct towards Pennsylvania and availed himself of protections under Pennsylvania law. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).

Given the breadth of evidence plaintiffs have marshaled from various sources, and the contradictions with Carlin's affidavit that evidence suggests, the Court finds that plaintiffs have made the *prima facie* case necessary for this Court to exercise personal jurisdiction.

---

[2] The full email, from Carlin to Bruce Gaston at CBC, reads:

> Bruce, In light of the chaotic situation in NJ and in light of the total lack of authority I have over my agents. Anytime I try to discipline or control my agents they merely sell their bails to other Capital Agents you MUST think I am a total RETARD to universally indemnify the [contract with Tri-State's successor]. I would agree to be responsible for actions caused by MY negligence but a blanket indemnification is not possible. I would pull out of the market before I did that. Pleased be man enough to tell me if that is the desired result. Montgomery Carlin, Director, Capital Financial Group.

MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Federal Rule of Civil Procedure 12(b)(6) allows courts to screen out cases "where a Complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted." Port Auth. v. Arcadian Corp., 189 F.3d 305, 311-12 (3d Cir. 1999).  The Third Circuit Court of Appeals instructs that "the complaint will withstand a Fed. R. Civ. P. 12(b)(6) attack if the material facts as alleged, in addition to inferences drawn from those allegations, provide a basis for recovery." Menkowitz v. Pottstown Mem'l Med. Ctr., 154 F.3d 113, 124-25 (3d Cir. 1998).  In deciding a motion to dismiss, a court is required to accept all of the plaintiff's factual allegations as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Thus, a court should grant a motion to dismiss only when it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980).  In resolving a motion to dismiss, the court must primarily consider the allegations contained in the complaint, although matters of public record, orders, and exhibits attached to the complaint may also be considered. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.1993).

    1.    Breach of Contract Claims

Plaintiffs allege breach of contract claims against Carlin and Pacho's (Counts I through III) and Carlin and Tri-State (Counts VIII through X).  A valid contract requires offer, acceptance, and consideration. See Morosetti v. Louisiana Land and Exploration, 564 A.2d 151, 152 (Pa. 1989).  Plaintiffs assert that Carlin was involved in the offer, acceptance, and consideration relating to the Pacho's and Tri-State contracts.  Carlin attacks those claims on the

grounds that he was not a signatory to the contracts. Such attacks are of no consequence because this matter is before the court on a motion to dismiss, and the Court must accept as true all factual allegations in plaintiffs' Complaint. Hishon, 467 U.S. at 73.[3] Having alleged a valid contract, plaintiffs further alleged breach of that contract and resulting damages. See Omicron Sys., Inc. v. Weiner, 860 A.2d 554, 564 (Pa. Super. Ct. 2004) (requiring a contract, breach, and damages to sustain a breach of contract claim). Carlin's motion to dismiss the contract counts of plaintiffs' Complaint therefore fails.

2. Breach of Fiduciary Duty Claims

Plaintiffs allege breach of fiduciary duty claims against Carlin and Pacho's (Count IV) and Carlin and Tri-State (Count XI). A fiduciary relationship arises when "one person has reposed a special confidence in another to the extent that the parties do not deal with each other on equal terms, either because of an overmastering dominance on one side, or weakness, dependence or justifiable trust, on the other." Becker v. Chicago Title Ins. Co., 2004 WL 228672, at *8 (E.D. Pa. Feb. 4, 2004) (*quoting* Commw. Dep't of Transp. v. E-Z Parks, Inc., 620 A.2d 712, 717 (Pa. Commw. Ct. 1993)). Plaintiffs have not alleged the necessary facts to create a fiduciary relationship, instead merely stating that one existed. While the Court is required to accept all of plaintiffs' factual allegations as true at the pleadings stage, Hishon, 467 U.S. at 73, the existence of a fiduciary relationship is a legal allegation that the Court is not required to

---

[3] Carlin's claim not to be a signatory references the assertions in his affidavit in support of his motion to dismiss for lack of personal jurisdiction. If this Court were to consider the contents of Carlin's affidavit in connection with Carlin's 12(b)(6) motion, it would become necessary to convert the motion to a motion for summary judgment under Federal Rule of Civil Procedure 56. See Rose v. Bartle, 871 F.2d 331, 339 n.3 (3d Cir. 1988). The Court will not take this approach because declining to address summary judgment now will allow the parties to make appropriate motions for summary judgment without prejudice once the record in this matter has been more fully developed.

accept.  Papasan v. Allain, 478 U.S. 265, 286 (1986).  Plaintiffs' fiduciary duty counts are therefore dismissed.

### 3. Conversion Claims

Plaintiffs allege conversion claims against Carlin and Pacho's (Count V) and Carlin and Tri-State (Count XII).  Conversion "is the deprivation of another's right of property in, or use or possession of, a chattel, without the owner's consent and without lawful justification."  Fort Washington Res., Inc. v. Tannen, 846 F. Supp. 354, 361 (E.D. Pa. 1994).  Money "may be the subject of conversion."  Shonberger v. Oswell, 530 A.2d 112, 114 (Pa. Super. Ct. 1987).

Carlin attacks the conversion claims on two grounds, both of which fail.  He first argues that plaintiffs are not entitled to recover monies owed pursuant to a contract via a conversion claim.  See Peoples Mortgage Co. v. Fed. Nat'l Mortgage Ass'n, 856 F. Supp. 910, 929-30 (E.D. Pa. 1994).  The Complaint pleads bases for recovery other than contract however, such as insurance laws.  Compl. at ¶¶ 88, 152.  Carlin also seeks dismissal on the grounds that the Complaint fails to allege that Carlin personally retained the monies sought.  But the Complaint alleges that Carlin "wrongfully fail[ed] to turn over" the monies.  Compl. at ¶¶ 89, 153.  Although it is true that the Complaint does not explicitly state that Carlin personally retained the monies, it clearly implies that he kept them, and a Complaint will survive a motion to dismiss if "inferences drawn from [its] allegations[] provide a basis for recovery."  Menkowitz, 154 F.3d at 125.

### 4. Unjust Enrichment Claims

Plaintiffs allege unjust enrichment claims against Carlin and Pacho's (Count VI) and Carlin and Tri-State (Count XIII).  Carlin argues that unjust enrichment is unavailable where a

relationship is governed by contract. That is not the case, however, as the "Federal rules allow pleading in the alternative. Courts have permitted plaintiffs to pursue alternative theories of recovery based both on breach of contract and unjust enrichment, even when the existence of a contract would preclude recovery under unjust enrichment." Robinson v. Holiday Universal, Inc., 2006 WL 2642323, at *8 (E.D. Pa. Sept. 11, 2006) (*quoting* United States v. Kensington Hosp., 760 F. Supp. 1120, 1135 (E.D. Pa. 1991)). The case Carlin relies on is also inapposite, as it involved an insurance dispute where the existence of a contract was unchallenged. See Benefit Trust Life Ins. Co. v. Union Nat'l Bank, 776 F.2d 1174, 1177 (3d Cir. 1985). Here, Carlin disputes the existence of a contract – indeed, it is the primary basis for his motion to dismiss – and plaintiffs have exercised their right under Federal Rule 8(e)(2) to allege alternative forms of relief "regardless of consistency."[4]

    Carlin also argues that plaintiffs have failed to allege the elements necessary to state an unjust enrichment claim: that a party received a benefit from plaintiffs, appreciated that benefit, and that retention of that benefit would be inequitable. See Hershey Foods Corp. v. Ralph Chapek, Inc., 828 F.2d 989, 999 (3d Cir. 1987) (*citing* Torchia v. Torchia, 499 A.2d 581, 582 (Pa. Super. Ct. 1985)). Plaintiffs' Complaint alleges precisely these elements however, and therefore Carlin's attack fails.

    An appropriate order accompanies this Memorandum Opinion.

---

[4] Although "for the time-being Plaintiffs may maintain their actions for unjust enrichment and breach of contract, they may not recover under both theories, even if they ultimately prevail in their proofs." Robinson, 2006 WL 2642323, at *8.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SURETY ADMINISTRATORS, INC., ET AL. | : | |
| Plaintiffs | : | CIVIL ACTION |
| vs. | : | |
| | : | NO. 05-CV-5851 |
| PACHO'S BAIL BONDS, ET AL. | : | |
| Defendants | : | |

## ORDER

AND NOW, this 29th day of March, 2007, it is hereby ORDERED that:

1. Defendant Montgomery R. Carlin's Motion to Dismiss Plaintiffs' Amended Complaint (Document No. 25) is DENIED IN PART and GRANTED IN PART as described in the above Memorandum Opinion.

2. Defendants are granted leave to renew their motion to dismiss for lack of personal jurisdiction if they can produce additional evidence.

3. Plaintiffs are granted leave to amend the fiduciary duty counts of their complaint.

4. Defendant Carlin shall have twenty days from the date of this Order to file an answer to the Amended Complaint.

BY THE COURT:

/s/ Thomas M. Golden
THOMAS M. GOLDEN, J.